1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIE WEAVER,

11           Plaintiff,                        No. CIV S-10-1921 JAM KJM P

12      vs.

13   SOUTH SACRAMENTO
     PAROLE UNIT, et al.,                      ORDER AND
14
             Defendant.                        FINDINGS AND RECOMMENDATIONS
15
                                          /
16

17           Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983.

18    Plaintiff has not paid the filing fee or applied to proceed in forma pauperis.

19           The court's usual practice with prisoners proceeding with an action pro se is to

20   allow time after they institute their action to submit a completed application to proceed in forma

21   pauperis if they have not already done so.  However, the "three strikes" provision of the Prison

22   Litigation Reform Act (PLRA) empowers a court to deny in forma pauperis status to a litigant

23   who has had three actions "dismissed on the grounds that [they are] frivolous, malicious, or fail[]

24   to state a claim upon which relief may be granted."  28 U.S.C. § 1915(g).  An action meets this

25   standard if it is "based on an indisputably meritless legal theory" or its "factual contentions are

26   clearly baseless.  Examples of the former class are claims against which it is clear that the

1    defendants are immune from suit and claims of infringement of a legal interest which clearly

2    does not exist." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (internal citation omitted).  The

3    bar does not apply if a plaintiff can demonstrate that he is "under imminent danger of serious

4    physical injury." 28 U.S.C. § 1915(g).[1]

5          Review of court records shows that on at least three occasions lawsuits filed by

6    plaintiff have been dismissed on the ground that they were frivolous or malicious or failed to

7    state a claim on which relief could have been granted.  See Order filed April 20, 2007 in Weaver

8    v. California Correctional Institution Building A-4A-4, et al., No. 1:06-CV-01429 OWW-SMS P

9    (E.D.Cal.), slip op. at 4 and cases cited therein at 1 n.1.[2]  In this case, plaintiff's complaint

10    concerns the alleged denial of medication by state actors during the month of April 2010.  Such

11    allegations do not suggest imminent danger of physical injury contemporaneous with the filing

12    of the complaint in July 2010.

13          Plaintiff is barred under the PLRA's "three strikes" provision from proceeding in

14    forma pauperis; therefore the court's usual allowance of time for plaintiff to submit a completed

15    application for in forma pauperis status is not warranted.  Plaintiff has not paid the filing fee of

16    $350.00 and states in a vaguely drafted motion for an extension of time that he has no property.

17    See Docket No. 3.[3]  Under these circumstances, the court should dismiss this action without

18    prejudice.

19    /////

20    /////

21

22          [1] "The statute contemplates that the 'imminent danger' will exist contemporaneously with the bringing of the action." Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001).

23    "Imminent" means "about to occur at any moment or [] impending." Id. at 315; see also Oxford English Dictionary ("close at hand in its incidence; coming on shortly").

24          [2] The court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).

25

26          [3] Because the motion does not seek additional time for plaintiff to complete any specific, allowed action in this case, it will be denied.

1    Accordingly, IT IS HEREBY ORDERED that the motion for an extension of time

2  (Docket No. 3) is denied.

3    IT IS HEREBY RECOMMENDED that this action be dismissed without

4  prejudice.

5    These findings and recommendations are submitted to the United States District

6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

7  one days after being served with these findings and recommendations, any party may file written

8  objections with the court and serve a copy on all parties.  Such a document should be captioned

9  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

10  shall be served and filed within twenty-one days after service of the objections.  The parties are

11  advised that failure to file objections within the specified time may waive the right to appeal the

12  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13  DATED:  November 8, 2010.

14

15    _____
                U.S. MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

4
26  weav1921.57

3